IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-118-FL-1
No. 7:16-CV-238-FL

| | | |
|---|---|---|
| BYRON STEVENSON NORRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 88), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss (DE 98), made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 98). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On April 12, 2012, petitioner pleaded guilty to the following: 1) conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (Count One); 2) distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); 3) distribution of a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); 4) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and 5) distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five). On July 18, 2012, this court

sentenced petitioner to a total term of 106 months' imprisonment.[1]  Petitioner did not appeal his judgment.

On June 29, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. On September 28, 2016, the government filed its motion to dismiss, arguing that petitioner fails to state a cognizable claim under Johnson because the residual clause does not affect any aspect of his sentence.

**COURT'S DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

In his sole claim, petitioner argues that in light of Johnson, his § 924(c) conviction is unconstitutional. Mot. Vacate (DE 88) at 4. Petitioner concludes that his § 924(c) conviction should be vacated, and he should be resentenced. Id. at 13.

---

[1] Petitioner was sentenced to 46 months' imprisonment on each of Counts One, Two, Three, and Five, to be served concurrently.  Petitioner was also sentenced to 60 months' imprisonment on Count Four, to be served consecutively.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Court held that Johnson applies retroactively to cases on collateral review.

Johnson does not apply to the residual clause contained in 18 U.S.C. § 924(c)(3)(B). See United States v. Godard, No. 4:16-CR-30-FL-1, 2017 WL 280703, at *1 (E.D.N.C. Jan. 20, 2017). In any event, Johnson has no impact on petitioner's § 924(c) conviction because he was convicted of violating § 924(c) for committing a drug trafficking offense, not a crime of violence. See Indictment (DE 6). For this reason, § 924(c)(3)(B)'s definition of "crime of violence" does not apply here. See United States v. Richardson, 653 F. App'x. 209, 210 n.* (4th Cir. 2016) (finding that Johnson was inapplicable where the conviction underlying the § 924(c) conviction was a drug offense and not a crime of violence). Consequently, petitioner's claim must fail.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claim presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

3

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 88) and GRANTS the government's motion to dismiss (DE 98). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge